IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


FLEXIBLE STAFFING SERVICES, INC. and
FLEXIBLE STAFFING SERVICES OF ARKANSAS, INC.          PLAINTIFFS


          v.                 Civil No. 08-5018

INTEGRO EMPLOYMENT SERVICES, INC.
d/b/a FLEX-STAFF, INC.                                DEFENDANT

ORDER

NOW on this 29th day of April 2008, comes on for consideration the **Motion to Dismiss for Lack of Jurisdiction and, Alternatively, Motion to Stay** (document #3) of Defendant Integro Employment Services, Inc., d/b/a/ Flex-Staff, Inc. ("Integro") and the response thereto of Plaintiffs Flexible Staffing Services, Inc. ("FSS") and Flexible Staffing Services of Arkansas, Inc. ("FSSA") (collectively "Flexible Staffing").  The Court, being well and sufficiently advised, finds and orders as follows:

1.   On January 22, 2008, Flexible Staffing commenced this declaratory judgment action against Integro.  In its complaint Flexible Staffing seeks a declaration by the Court:

* that the terms "Flexible," and "Staffing," as used by Integro and those in the employment industry, are generic and are, therefore, not entitled to trademark protection; and

* that its U.S. Trademark Reg. No. 3,330,924 is valid and subsisting on the basis that all generic and/or descriptive

-1-

portions of the design mark are properly disclaimed.

Additionally, Flexible Staffing seeks cancellation of Integro's Arkansas trademark registration.

2. The instant action was prompted by Integro's pending lawsuit, which was initiated in December 2007 against FSSA in the Circuit Court of Benton County, Arkansas (hereinafter the "State Court Action"). In the State Court Action, Integro seeks injunctive relief and monetary damages for claims of trademark infringement and deceptive trade practices arising under Arkansas common law, the Arkansas Deceptive Trade Practices Act, and the Arkansas Trademark Act.

According to the complaint in the State Court Action, Integro is a personnel staffing services company, providing temporary and "temp to hire" staffing services to businesses located throughout Northwest Arkansas. Integro claims to have identified and marketed its personnel staffing services since as early as 2001 under the FLEX STAFF mark. In August 2001, the Arkansas Secretary of State issued to Integro a Certificate of Fictitious Name for the trade name FLEX-STAFF, INC. Moreover, since approximately summer of 2004, Integro has used the trademark "FLEX-STAFF – WE'RE THE FLEXIBLE STAFFING SOLUTION" to identify its personnel staffing services. On October 17, 2007, the Arkansas Secretary of State issued a Certificate of Registration to Integro for the FLEXIBLE STAFFING SOLUTION mark.

In the State Court Action, Integro claims that, due to its continuous use, it owns the rights to the FLEX-STAFF tradename and related trademark, and the FLEXIBLE STAFFING SOLUTION mark and the goodwill associated therewith.  According to Integro, in October 2007, it learned that FSSA was intending to provide personnel staffing services in the Northwest Arkansas area under a mark that is nearly identical and/or confusingly similar to the FLEX-STAFF mark – specifically, FLEXIBLE STAFFING.  By letter, Integro's legal counsel contacted FSSA and requested that they not use such mark. According to the complaint, FSSA proceeded with its plans and the State Court Action ensued thereafter.

In its answer to the State Court Action complaint, FSSA raises several affirmative defenses, including non-infringement because the terms FLEXIBLE, STAFFING, and SERVICES are generic and descriptive.

3. Presently before this Court is Integro's **Motion to Dismiss for Lack of Jurisdiction and, Alternatively, Motion to Stay** (document #3), in which Integro argues first that the Court lacks subject matter jurisdiction under the Declaratory Judgement Act, 28 U.S.C. § 2201(a), to proceed with this action.  In the alternative, Integro moves the Court to abstain from exercising its jurisdiction and stay this proceeding on the grounds that the State Court Action is an earlier filed, parallel state proceeding in which the claims of the parties can be satisfactorily adjudicated.

In responding to Integro's motion, Flexible Staffing argues that federal courts have, without question, subject matter jurisdiction over issues arising under the Federal Trademark Act of 1946, commonly referred to as the Lanham Act, 15 U.S.C. § 1051 *et seq.*  Further, Flexible Staffing  argues that abstention in favor of allowing the State Court Action to proceed would be improper, as that lawsuit is not "parallel" in every respect to this federal case.

The Court will first address Integro's motion to dismiss.

4. "Federal courts are courts of limited jurisdiction." <u>Myers v. Richland County</u>, 429 F.3d 740, 745 (8th Cir. 2005) (quoting <u>Kokkonen v. Guardian Life Ins. Co. of America</u>, 511 U.S. 375, 377 (1994)).  As the parties to this action are not diverse, federal subject matter jurisdiction must rest on the presence of a federal question. <u>Arbaugh v. Y & H Corp.</u>, 546 U.S. 500 (2006).  Flexible Staffing contends that subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331, in that one or more of its claims arise under the laws of the United States, and 28 U.S.C. § 1338, which grants district courts original jurisdiction over any civil action arising under federal question – specifically, in this case, the Lanham Act.

The Court will typically consider a claim to have arisen under federal law if a federal cause of action appears on the face of a well-pleaded complaint. <u>Oglala  Sioux  Tribe  v.  C&W  Enterprises,</u>

Inc., 487 F.3d 1129, 1131 (8th Cir. 2007).  Under the well-pleaded
complaint rule, the presence of a federal cause of action depends
upon the plaintiff's claim rather than any defense that may be
asserted by the defendant. C&W Enterprises, 487 F.3d at 1131.  It
would seem, then, that Flexible Staffing's complaint complies with
this rule – insofar as it alleges a violation of federal law.
However, when courts review an action for declaratory judgment to
ascertain the presence of a federal question, "there is an
additional twist to the jurisdictional inquiry." Id. (quoting
Missouri ex rel. Missouri Highway Transp. Comm'n v. Cuffley, 112
F.3d 1332, 1335 (8th Cir. 1997)).

> Where the complaint in an action for declaratory judgment
> seeks in essence to assert a defense to an impending or
> threatened state court action, it is the character of the
> threatened [state court] action, and not of the defense,
> which will determine whether there is federal-question
> jurisdiction in the District Court.

Id. (quoting Pub. Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237,
248 (1952)).  When a court inquires into the nature of the action,
it "must examine the realistic position of the parties."  In so
doing, the court must determine whether the declaratory plaintiff
"affirmatively asserts a federal claim, or seeks in effect, to
establish a defense against a cause of action which the declaratory
defendant might assert in state court." Id.  Simply put, the Court
should consider the character of the underlying state action to
determine whether the requirements of federal-question jurisdiction
have been satisfied. Wycoff, 344 U.S. 244.

-5-

In examining the position of the parties to this declaratory judgment proceeding, it is clear that Flexible Staffing is essentially seeking to interpose a federal defense against the claims that Integro has lodged in its State Court Action – which are all based in Arkansas law.  Further, the Court finds that this declaratory judgment action is reactive in nature to the State Court Action.  That is, this case is really about Integro's state law claims, which are not based on federal law.  See C&W Enterprises, 487 F.3d at 1132 (holding that circuit court lacked subject matter jurisdiction where the declaratory judgment action was merely a reaction to the declaratory defendant's underlying state law claims).  Thus, the Court finds that it lacks subject matter jurisdiction and, consequently, this declaratory judgment action should be dismissed.

**IT IS THEREFORE ORDERED** that Defendant Integro's **Motion to Dismiss for Lack of Jurisdiction** (document #3) should be, and it hereby is, **GRANTED.**

**IT IS SO ORDERED.**

/s/ Jimm Larry Hendren
**JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE**

-6-